UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 5:26-cv-01985-DFM | Date: | April 21, 2026 |
|---|---|---|---|
| Title | Elias David Sanchez Rodriguez v. Markwayne Mullin et al | | |

| Present: The Honorable | Douglas F. McCormick, United States Magistrate Judge |
|---|---|
| Nancy Boehme | Not Present |
| Deputy Clerk | Court Reporter |
| Attorney(s) for Petitioner(s): | Attorney(s) for Respondent(s): |
| Not Present | Not Present |

| Proceedings: | (IN CHAMBERS) Order Denying Ex Parte Application for Temporary Restraining Order Dkt. 4) |
|---|---|

## I.      INTRODUCTION

Petitioner Elias David Sanchez Rodriguez has filed an Ex Parte Application for Temporary Restraining Order ("Application" or "TRO"). See Dkt. 4. Petitioner was placed in removal proceedings in January 2024 and eventually released from immigration custody, but was later arrested and is currently detained in the Adelanto ICE Detention Facility. See id. Plaintiff seeks an "individualized bond hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a)" within seven (7) days. See id. at 18.

Petitioner's Application is DENIED. This case will proceed in accordance with General Order 26-05. See Dkt. 7.

## II.     LEGAL STANDARD

A TRO is an "extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 22 (2008). To obtain a TRO, a petitioner must establish: (1) a likelihood of success on the merits; (2) a likelihood of irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in the petitioner's favor; and (4) that an injunction is in the public interest. See id. at 20.

Because Petitioner seeks relief ex parte, he must satisfy the stringent requirements of Federal Rule of Civil Procedure 65(b)(1), which permits a court to issue a TRO without notice only if "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Furthermore, Petitioner must comply with Central District of California Local Rules

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

65-1 and 7-19, which govern the procedural and substantive requirements for ex parte applications.

Additionally, this application is governed by General Order 26-05, which dictates that "[a]pplications for TROs should be reserved for cases where the petitioner alleges imminent, irreparable harm that cannot be addressed by the standard scheduling order or by expediting the briefing schedule."

### III.    DISCUSSION

Petitioner's application fails because he has not demonstrated the type of imminent, irreparable harm required by Rule 65, Local Rules 65-1 and 7-19, and General Order 26-05 to justify ex parte emergency relief.

Petitioner's sole argument is that in absence of a TRO, he "will continue to be unlawfully detained by Respondents pursuant to § 1225(b)(2) and denied a bond hearing before an Immigration Judge." Application at 14. The Court recognizes that the Ninth Circuit has held that the deprivation of constitutional rights can constitute irreparable injury. See Hernandez v. Sessions, 872 F.3d 976, 994 (9th Cir. 2017). However, asserting a constitutional claim does not automatically entitle a petitioner to an ex parte TRO circumventing the adversarial process.

To satisfy the requirements for a TRO, and more specifically, General Order 26-05, Petitioner must demonstrate that the harm is so immediate and urgent that it "cannot be addressed by the standard scheduling order or by expediting the briefing schedule." The harm Petitioner alleges is the same detention he challenges in his underlying habeas petition. If the generalized harm of detention were sufficient to bypass the standard briefing schedule, nearly every immigration habeas petition filed in this District would warrant an emergency TRO. It is the Court's view that a generalized claim of constitutional deprivation without specific, individualized exigency does not justify granting ultimate relief on an ex parte basis, especially given the expedited briefing schedule in General Order 26-05.

### IV.    CONCLUSION

Petitioner's Application is DENIED. Proceedings on the Petition will move forward in accordance with the briefing schedule set forth by General Order 26-05. See Dkt. 7.